IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD J. MESLER,

    Defendant.

No. CR 09-00404 SI
Related Case No. CR 09-00144

**ORDER RE: AMENDED JUDGMENT**

On April 25, 2013, the Court ordered the United States to show cause why defendant Mesler's judgment should not be amended to strike $465,519.15 from Mesler's restitution penalty. The United States responded on May 10, 2013, to which defendant Mesler replied on May 28, 2013. Having reviewed the parties' papers, the Court finds that an amended judgment SHALL NOT ISSUE, for the reasons discussed below.

On March 11, 2011, this Court entered judgment in this case and ordered that defendant pay restitution in the amount of $465,519.15 to payee Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage. The Court determined that defendant Mesler was liable for the restitution penalty jointly and severally with Judy Yeung, an alleged co-conspirator convicted in a separate action. *See United States v. Judy Yeung*, CR-09-376-01-SI. Defendant Yeung appealed her conviction to the United States Court of Appeals for the Ninth Circuit, which vacated the Long Beach Mortgage restitution order and remanded the case to this Court for further evidentiary proceedings. *See United States v. Judy Yeung*, 672 F.3d 594 (9th Cir. 2012). Upon remand, the United States conceded that it could not provide an evidentiary basis to support the Long Beach Mortgage restitution award. Accordingly, this Court entered an amended judgment as to defendant Yeung striking the Long Beach

Mortgage amount from her restitution penalty. *See United States v. Judy Yeung*, CR-09-376-01-SI, Docket No. 272.

Given the government's inability to justify the award in Yeung's case, the Court directed the parties to provide briefing on whether the award should also be stricken from Mesler's judgment. The United States contends that Mesler's restitution award remains valid because he stipulated to it pursuant to a plea agreement. Whereas defendant Yeung elected to proceed to trial and ultimately appeal, defendant Mesler elected to plead guilty pursuant to a written plea agreement between himself and the government. As part of that agreement, Mesler extracted certain promises from the government, including a promise not to pursue additional charges and to recommend a downward departure from the Federal Sentencing Guidelines. For his part, Mesler agreed to pay restitution in a specific amount in connection with his criminal conduct.

Mesler responds that it would be inequitable to require him to pay restitution because he was wrongly led to believe that the $465,519.15 amount was accurate. During plea negotiations, the government provided Mesler with a statement detailing what it believed to be appropriate restitution figure. Although Mesler concedes that he could have rejected the figures or inquired further, he chose not to because the validity of such figures was never at issue and he would have had no reason to doubt the government.

Notwithstanding the government's admitted inability to establish the validity of the restitution award in Yeung's case, the Court concludes that there is no legal basis to amend the judgment where, as here, the restitution award was stipulated to in a plea agreement. In effect, Mesler's plea relieved the government of its burden of establishing the precise amount of restitution owed. *See* 18 U.S.C. § 3663(a)(3) (Permitting the court to order restitution "to the extent agreed to by the parties in the plea agreement."). It was Mesler's right to require the government to establish the restitutionary amount and to require the district court to review the government's loss determination finding. Represented by counsel, he elected not to do so. At no point did Mesler raise any objections to the restitution calculation, nor did he seek to withdraw from his plea agreement. Instead, he explicitly agreed to the $465,519.15 figure and asked the Court to adopt the government's sentencing recommendation. As part of the plea agreement, he waived his right to appeal the restitution order and has not filed any post-

conviction motions for relief. Finding no basis to question the validity of the parties' agreement, the Court is without authority to amend Mesler's judgment.

Moreover, indistinguishable authority from the Ninth Circuit similarly upheld a restitution award stipulated to in plea agreement award despite the undisputed fact that the award compensated for losses beyond the offense of conviction. *See United States v. Soderling*, 970 F.2d 529, *cert . denied*, 508 U.S. 952 (1993). The defendant argued that under the Victim and Witness Protection Act ("VWPA") – the same statute at issue in Mesler's case – the restitution award could only account for losses caused by the conduct underlying the offense of conviction, and no more. The Ninth Circuit disagreed, noting that while a restitution award pursuant to § 3663(a)(1) of the VWPA is narrow and limited to certain crimes, an award under § 3663(a)(3) is much broader, and allows for an award "in any criminal case to the extent agreed to by the parties in a plea agreement." *Soderling*, 970 F.2d at 534. Thus, a § 3663(a)(3) restitution award, such as Mesler's, need not be tied precisely to losses caused by convicted offense. Instead, as with *Soderling,* Mesler "struck a deal," which included the risk that restitution may be greater in a plea agreement than it would have been had he elected to proceed to trial. *Id.* at 531.

Given Mesler's plea agreement and binding Ninth Circuit authority, the Court finds that Mesler remains bound to the restitution award imposed by the judgment in this case.[1] Accordingly, the Court concludes that an amended judgment SHALL NOT ISSUE.

**IT IS SO ORDERED.**

Dated: July 25, 2013

SUSAN ILLSTON
United States District Judge

---

[1] In a third case involving Melser and Yeung's purported co-conspirator Alex Yee, the Court entered a criminal judgment against Alex Yee which ordered that he pay restitution of $465,519.15, joint and several with Mesler and Yeung. *See United States v. Yee*, CR-09-144-SI, Docket No. 45. As defendant Yee's restitution award is indistinguishable from Mesler's – it was also entered pursuant to a plea agreement – the Court similarly finds no basis to amend Yee's judgment.

3